**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JAVIS FELTON DAVIES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 26-03150-CV-S-BP |
| | ) | |
| TODD BLANCHE, in his official capacity as | ) | |
| Acting Attorney General of the United States, | ) | |
| *et al*.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER ESTABLISHING BRIEFING SCHEDULE

On March 11, 2026, Petitioner filed a Petition for Writ of Habeas Corpus; Respondents responded and Petitioner filed a Traverse. The Court then solicited additional briefing. However, an intervening decision from the Court of Appeals and the parties' arguments persuade the Court that a new briefing schedule should be established.

Petitioner alleges he is a citizen of Liberia who entered the United States approximately four years ago and then timely applied for asylum. (Doc. 1, pp. 2, 15, ¶¶ 3, 49.)[2] He has been authorized to work in the United States and for that purpose has been given a Social Security number. (Doc. 1, p. 15, ¶¶ 49-50.) In December 2025, officers from Immigration and Custom Enforcement ("ICE") arrested him during a warrantless traffic stop and took him into custody; his request for bond was denied and he has been in custody ever since. (Doc. 1, pp. 2-3, 15, 17, ¶¶ 3-

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd Blanche is substituted as a Defendant in the place of Pamela Bondi.

[2] For some reason, the paragraph numbers in the Petition restart at 1 on page 19, necessitating the use of both page numbers and paragraph numbers. If Petitioner files an Amended Petition, he is requested to consecutively number the paragraphs.

4, 52, 55.)  Petitioner's asylum petition was denied while he's been detained, and he is appealing that decision.  (Doc. 1, p. 16, ¶ 54.)

Petitioner does not challenge the denial of his asylum petition, the denial of his request for bond, the conditions of his confinement, or Respondents' plan to deport him to Uganda.  (Doc. 1, p. 17, ¶ 56.)  Nonetheless—and despite disclaiming any challenge to denial of bond—he filed his Petition for Writ of Habeus Corpus seeking his immediate release.  Count I alleges his detention violates the Fifth Amendment's Due Process Clause.  Count II alleges he should be released pursuant to 8 U.S.C. § 1226.  Count III alleges his arrest violated the Fourth Amendment.  He argues each of these violations justifies an Order requiring that he be released from detention.

The Court issued an Order to Show Cause; Respondents opposed granting the Writ, and thereafter Petitioner filed a Traverse.  The Court then issued an Order soliciting additional briefing; the issues to be briefed were framed by the Court's declaration that it would hold, "as it has in similar circumstances, that § 1226 applies in this situation."  (Doc. 9, p. 1.)  Before the parties could respond to this Order, the Eighth Circuit Court of Appeals issued its decision in *Avila v. Bond*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which held that 8 U.S.C. § 1225, and not § 1226, applies to a person in Petitioner's situation.  This is significant because the issues the Court directed the parties to address depended on § 1226(a).  Moreover, § 1225 provides that "[a]ny alien [seeking asylum] shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."  8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  Thus, unlike § 1226 (which permits the possibility of bond), § 1225 mandates detention.  The parties addressed the issues raised in the Court's Order in light of *Avila*, but the parties' discussion demonstrates that further briefing (or, perhaps more accurately, re-briefing) would be helpful to the Court.  Specifically, the Court believes *Avila* may (1) require

2

rejection of Count II and (2) affect the analysis of Counts I and III more than the parties (particularly Petitioner) acknowledge. Moreover, the Court now believes that requiring Respondent to simply address the Petition will not adequately present the issues; instead, Petitioner should be required to first provide his legal analysis justifying relief. Therefore, Petitioner will be required to file a separate Memorandum of Law that explains the legal basis for his requested relief. Petitioner may, at the same time, file an Amended Petition. Respondents will be required to respond to the Memorandum of Law, and Petitioner will be afforded an opportunity to file a Traverse.

In discussing the legal issues, the parties are directed to, at a minimum, address the following matters:

1. Does *Avila* foreclose Count II?

2. If Petitioner asserts § 1225's mandatory detention provision is unconstitutional on its face, does 8 U.S.C. § 1252(e)(3) deprive the Court of jurisdiction to hear the claim?

3. How is the Due Process analysis affected by the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003), and the Eighth Circuit's decisions in *Banye v. Garland*, 115 F.4th 928 (8th Cir. 2024) (which discusses *Demore*)? These cases involve the detention provisions in § 1226, but they appear instructive with respect to the mandatory detention provisions in § 1225.

4. Petitioner cites *Zadvydas v. Davis*, 533 U.S. 678 (2001) for the proposition that there are "only two legitimate purposes for immigration detention: mitigating flight risk pending removal and preventing danger to the community." (Doc. 1, p. 20, ¶ 5.) If Petitioner continues relying on *Zadyvdas* for this purposes, further explanation as to how the case stands for that proposition is required.

3

5. If detention is mandatory under § 1225, (a) is a warrant for arrest needed and (b) why would 8 U.S.C. § 1357(a)(2) limit the ability to conduct an arrest to effectuate the mandatory detention?

The Court does not intend to limit the parties' arguments; it only directs that, at a minimum, these issues be addressed.

In the interest of expediency, the Court will not require the parties to confer and propose deadlines for their filings; instead, the Court will set deadlines and express that it will be amenable to requests for extension of time given that it is acting unilaterally. Petitioner shall file his Memorandum of Law (and, if he chooses, his Amended Petition) within fourteen days. Respondents shall have fourteen days after that to respond, and Petitioner shall have fourteen days thereafter to file a Traverse.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
**DATE**: April 2, 2026                    UNITED STATES DISTRICT COURT

4